IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY THORSON and MICHAEL J. LUCCI, JR. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRAVELERS COMPANIES, INC. and ST. PAUL PROTECTIVE INS. CO.,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs, Courtney Thorson ("Thorson") and Michael J. Lucci, Jr. ("Lucci"), as the Administrator of the Estate and authorized representative of Bonnie L. Lucci, Deceased ("Bonnie Lucci") (collectively, "Plaintiffs"), by and through their attorneys, bring this Complaint on behalf of themselves and all others similarly situated against Defendants, The Travelers Companies, Inc., and St. Paul Protective Insurance Co. ("St. Paul") (collectively, "Travelers" or "Defendants"), and allege as follows:

## **INTRODUCTION**

1.  This is a class action brought by Plaintiffs against Travelers, on behalf of all consumers who purchased an Automobile Insurance Policy ("Policy" or "Policies") from Travelers containing the New Jersey state-mandated Personal Injury Protection ("PIP") coverage.

2. This action is brought to remedy breaches of contract in connection with Defendants' act of reducing the insured's chosen deductible amount and co-pay limit from their PIP limit.

3. Plaintiffs assert claims, individually and on behalf of the class, as defined herein (the "Class"), for breach of contract; violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2 ("CFA"); and violations of the New Jersey Personal Injury Protection Statute, N.J.S.A. § 39:6A-1, *et seq*. ("PIP Statute")

4. Plaintiffs seek injunctive relief, actual damages, statutory damages, delay damages, attorneys' fees and costs, and all other relief available to Plaintiffs and the Class.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332, because: (i) there are 100 or more Class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

6. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims asserted herein occurred in this District. Plaintiffs are citizens of New Jersey;

Defendants contracted with Plaintiffs in this District; and Plaintiffs purchased the PIP coverage in this District. Moreover, Defendants receive substantial compensation from sales in this District, and have made omissions and misrepresentations which had a substantial effect in this District.

7. Defendants are subject to personal jurisdiction in New Jersey based upon sufficient minimum contacts which exist between Defendants and New Jersey. Defendants are authorized to do and are doing business in New Jersey.

## PARTIES

8. Thorson is an individual who, at all times relevant to this action, has resided in Sewell, New Jersey, and obtained coverage under an automobile insurance policy from Travelers which contained New Jersey-mandated PIP coverage in the amount of $15,000. Thorson, thus, is a citizen of New Jersey.

9. Lucci is the Administrator of the Estate and authorized representative of Bonnie L. Lucci (Deceased), who, at all times relevant to this action, resided in Berlin, New Jersey. Lucci purchased an automobile insurance policy from Travelers which contained New Jersey-mandated PIP coverage in the amount of $15,000. Lucci, thus, is a citizen of New Jersey.

10. Travelers is a Minnesota corporation with its principal place of business and headquarters located in New York, New York. Travelers, thus, is a citizen of Minnesota and New York.

11. St. Paul is a subsidiary of The Travelers Companies, Inc., and a Minnesota corporation with its principal place of business in Saint Paul, Minnesota. St. Paul, thus, is a citizen of Minnesota.

12. Defendants conduct business throughout New Jersey, including throughout this District.

### **SUBSTANTIVE ALLEGATIONS**.

13. This class action is brought on behalf of all persons who purchased insurance policies with PIP coverage from Defendants for vehicles registered in New Jersey and had their coverage payout reduced by their deductible and/or copayment.

14. Pursuant to N.J.S.A. 39:6A-4.3(e), insurers such as Defendants are permitted to offer their insured customers medical expense benefit PIP policy limits in specific denominations less than the default $250,000 PIP limit, with the lowest such PIP limit being $15,000.

15. In or about June 28, 2017, Thorson obtained coverage under an automobile insurance policy from Travelers. The policy contained the New Jersey-mandated PIP coverage in the amount of $15,000. Both in the policy itself and as reflected in the declaration page, Travelers represented, and a reasonable person would understand, that the PIP coverage was for the full $15,000 amount. The policy provided for a $500 deductible and a $900 co-payment obligation.

4

16.     On July 20, 2017, while covered by the Travelers' policy containing the New Jersey-mandated PIP coverage in the amount of $15,000, Thorson was in an automobile collision and required medical attention.  She sought reimbursement for an amount of the full $15,000 of PIP coverage.

17.     During the course of treatment, Travelers set up a PIP claim and paid out medical expense benefits for a total of $13,600, which was less than the $15,000 coverage amount provided for in the policy.

18.     In paying the claim, Travelers issued an exhaustion letter after payment of only $13,600 in benefits, excluding from the reimbursement to Thorson both the $500 PIP deductible and the $900 co-payment obligation.

19.     In or about May 17, 2021, Lucci purchased an automobile insurance policy from Travelers, which contained the New Jersey-mandated PIP coverage in the amount of $15,000.  Both in the policy itself and as reflected in the declaration page, Travelers represented, and a reasonable person would understand, that the PIP coverage was for the full $15,000 amount.  The policy provided for a $500 deductible and a $2,500 co-payment obligation.

20.     On September 12, 2021, while covered by the Travelers' policy containing the New Jersey mandated PIP coverage in the amount of $15,000, Bonnie Lucci, who was listed on Lucci's policy as a covered driver, was in an automobile collision and

required medical attention.  Bonnie Lucci sought reimbursement for full amount of the $15,000 PIP coverage.

21. During the course of treatment, Travelers set up a PIP claim and paid out medical expense benefits for a total of $12,000, which was less than the $15,000 coverage amount provided for in the policy.

22. In paying the claim, Travelers issued an exhaustion letter after payment of only $12,000 in benefits, excluding from the reimbursement to Bonnie Lucci both the $500 PIP deductible and the $2,500 co-payment obligation.

23. On March 31, 2023, the Superior Court of New Jersey issued a decision in *Birmingham, et al. v. Travelers New Jersey Ins. Co., et al.*, No. A-0429-21 (March 31, 2023), holding that purchasers of PIP benefits are entitled to the entire $15,000 (or other purchased amount) of insurance, without reduction of the respective deductible and co-pay allegations.

24. Plaintiffs have not received the full coverage to which they are entitled under the PIP coverage purchased from Defendants.

25. As a result of Defendants' failure and refusal to pay benefits to Plaintiffs as required under the Policy, Plaintiffs have suffered losses and damages.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this class action on behalf of themselves and all other similarly situated members of the proposed Class, which is defined as follows:

>All persons who purchased PIP coverage from Defendants for vehicles registered in New Jersey and who received less than the PIP coverage paid for because the deductible and/or co-payment obligation was excluded from the reimbursement amount.

27. Excluded from the Class are Defendants and the Judge to whom this case is assigned. Plaintiffs reserve the right to amend the definition of the Class if discovery and/or further investigation reveals that the Class should be expanded or otherwise modified.

28. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

29. <u>Numerosity/Impracticability of Joinder</u>: The members of the Class are so numerous that joinder of all members is impracticable. Plaintiffs reasonably estimate that there are thousands of Class members who purchased Policies from Defendants. The precise number of Class members can be readily ascertained by reviewing documents in Defendants' possession, custody, and control.

30. <u>Commonality and Predominance</u>: There is a well-defined community of interest and common questions of law and fact, which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

    a.    Whether Defendants improperly denied, in whole or in part, PIP coverage to the Class through the improper reduction of the deductible from the PIP limit;

    b.    Whether Defendants misled the Class into believing they would be entitled to the full amount of their chosen PIP limit;

    c.    Whether Defendants breached their contracts with Plaintiffs and the Class;

    d.    Whether Defendants' conduct violated the CFA;

    e.    Whether Defendants' conduct violated the PIP Statute;

    e.    Whether Plaintiffs and the Class have suffered damages as a result of Defendants' wrongful conduct and, if so, the appropriate amount thereof; and

    g.    Whether Plaintiffs and the Class are entitled to equitable relief and/or other relief and, if so, the nature of such relief.

31.    <u>Typicality</u>: The representative Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all Class members have suffered the same injuries as a result of Defendants' wrongful conduct, and Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

32. <u>Adequacy</u>: Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in complex class action litigation; and Plaintiffs intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

33. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable.  Furthermore, as the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation presents the potential for inconsistent or contradictory judgments.  There will be no difficulty in the management of this class action.  A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

34. Defendants have, or have access to, address information for the Class members, which may be used for the purpose of providing notice of the pendency of this action.

## COUNT I
## Breach of Contract

35.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length

36.     Plaintiffs and the Class purchased PIP coverage from Defendants as mandated by New Jersey state law and entered into contracts reflecting the same.

37.     Pursuant to the contracts, Defendants were contractually obligated to pay the specific amount of PIP coverage set forth in the policies and declaration pages, which amounts ranged from a low of $15,000 to a high of $250,000.

38.     Plaintiffs and Class members were involved in automobile accidents, which resulted in them submitting claims pursuant to the PIP coverage.  In connection with submission of those claims, Plaintiffs and the Class have fully complied with all the terms, conditions and duties required under the Defendants' policies.

39.     Notwithstanding their contractual obligations, Defendants have paid out less than the statutorily-mandated minimum and contractually-selected policy limits because they improperly excluded amounts attributable to their deductible and co-payment obligation.

40.     As a result of Defendants' breach of its contracts, Plaintiffs and the members of the Class have been damaged.

## COUNT II
### Violation of the New Jersey PIP Statute

41. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

42. The New Jersey PIP Statute mandates speedy first-party payment of a range of benefits, including medical expenses, lost wages (income continuation benefits), essential services, survivor benefits and funeral expenses to certain classes of persons injured in automobile accidents without any consideration of fault at all.

43. Plaintiffs and the Class opted to purchase PIP coverage from Defendants when purchasing their Policy as mandated by New Jersey state law.

44. Plaintiffs and the Class have fully complied with all the terms, conditions and duties required under the Defendants' policy.

45. Defendants have paid out less than the statutorily-mandated minimum and contractually-selected policy limits.

46. Defendants have failed to promptly offer payment of the reasonable and fair value of the claim to Plaintiffs and the Class and, as a result, Plaintiffs and the Class have been damaged.

## Count III
### Violation of the CFA

47. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

48. The CFA, N.J.S.A. § 56:8-2 states "…[a]ny unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression or omission, in connection with the sale or advertisement of any merchandise… whether or not any person has in fact been misled, deceived or damaged thereby… is declared to be an unlawful practice…"

49. If a person suffers "any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under" the CFA, they "may bring an action… therefor in any court of competent jurisdiction" for "legal or equitable relief" "sustained by any person in interest," pursuant to N.J.S.A. § 56:8-19.

50. In connection with the sale of the Policies to Plaintiffs and the Class, Defendants made misrepresentations (and omitted material facts) regarding the actual amount of PIP coverage limit that they were providing. Defendants' conduct was intended to result, and did result, in the sale of the PIP coverage to the consuming public. Defendants' conduct resulted in Plaintiffs and the Class suffering ascertainable loss.

51. Defendants' conduct, as alleged herein, constitutes unfair, fraudulent and/or deceptive trade practices under the CFA.

52. Defendants' actions as described herein were done with conscious disregard of Plaintiffs' rights, and Defendants were wanton and malicious in their concealment of the same.

53. Defendants knew or should have known of their unfair conduct.

54. Consumers were unable to avoid any of the injuries caused by Defendants' actions.

55. Defendants' misleading and deceptive conduct alleged herein has no utility and has financially harmed Class members.

56. Defendants' conduct alleged herein was a material factor in Plaintiffs' and the Class's decisions to purchase the PIP coverage. Defendants' conduct was intended to, and did, induce Plaintiffs and the Class to pay for PIP coverage. The conduct alleged herein was a substantial factor in causing Plaintiffs and the Class to purchase PIP coverage from Defendants, rather than another insurance provider.

57. At the time Plaintiffs and the Class members purchased the PIP coverage, they were unaware of the fact that they would not be able to receive the full amount of their PIP limit. Plaintiffs and the Class would not have purchased the PIP coverage or would have paid less for it had the facts been made known to them.

58. Defendants' conduct alleged herein constitutes unconscionable commercial practices, deception, false pretense, and/or knowing concealment, suppression, or omissions in connection with the marketing and distribution of merchandise, and were in violation of the CFA.

59. All of the conduct alleged herein occurs and continues to occur in Defendants' business.

60. Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair conduct alleged herein. These acts and omissions directly and proximately caused Plaintiffs and the Class to suffer an ascertainable loss in the form of, *inter alia*, money spent purchasing coverage by virtue of Defendants' fraudulent conduct, which Plaintiffs and the Class would not have purchased had they been aware of the true nature of the PIP coverage.

61. The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

62. Plaintiffs seek all available forms of relief provided under this statute, including treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and members of the proposed Class, pray for judgment as follows:

a. Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiffs as representatives of the Class and their counsel as Class counsel;

b. Compensatory damages and other damages for economic and non-economic damages;

c. All damages available under the CFA, including treble damages;

d. An Order requiring Defendants to cease and desist from engaging in the alleged wrongful conduct;

e. Statutory pre-judgment and post-judgment interest on any amounts;

f. Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

g. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

## NOTICE TO ATTORNEY GENERAL

A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey within 10 days of filing pursuant to N.J.S.A. §56:8-20.

Dated: April 27, 2023

Respectfully submitted,

**MILLER SHAH LLP**

*/s/ James C. Shah*
James C. Shah
John C. Roberts
2 Hudson Place, Suite 100
Hoboken, NJ 07030
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
jcroberts@millershah.com

Marian I. Kelly
POPJOY & KELLY, LLC
Two Echelon Plaza
221 Laurel Road, Suite 155
Voorhees, NJ 08043
Telephone: (856) 845-8778
Facsimile: (856) 845-8774
Email:  mkelly@popjoykelly.com

Michael W. Glaze
HOFFMAN DIMUZIO
25-35 Hunter St, Post Office Box 7
Woodbury, NJ 08096
Telephone: (856) 686-3509
Facsimile: (856) 812-0659
Email: MGlaze@hoffmandimuzio.com

John W. Trimble, Jr.
Katrina M. Register
TRIMBLE & REGISTER
900 Route 168, Suites B1-B2
Turnersville, NJ 08012
Telephone: (856) 232-9500
Facsimile: (856) 232-9698
Email: jtrimble@trimblelawyers.com
          kregister@trimblelawyers.com

*Attorneys for Plaintiffs and the Proposed Class*